IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FREDERICK GRAESSLE** | : | |
| Plaintiff, | : | Case No. C2-06-cv-00483 |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| **NATIONWIDE CREDIT INC.,** *et al.* | : | Magistrate Judge King |
| Defendants. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter comes before the Court on a Motion to Dismiss filed by Defendant Nationwide Credit, Inc. ("NCI") and Defendant Paula Boyer ("Boyer"), (collectively, "Defendants"). For the reasons set forth herein, the Court **GRANTS** Defendants' Motion to Dismiss.

### II. BACKGROUND

#### A. Facts

Because the matter before the Court is Defendants' Motion to Dismiss, the Court will consider the facts in the light most favorable to Plaintiff. *McGee v. Simon & Schuster, Inc.*, 154 F. Supp. 2d 1308, 1310 (S.D. Ohio 2001).

Sometime in late January or early February 2000, Leon Kasperski ("Kasperski"), an executive recruiter employed on behalf of Defendants, contacted Plaintiff Frederick Graessle ("Plaintiff") and informed him that Defendants were interested in interviewing him for a position as Vice President of Sales in Defendants' Healthcare Division. At the time, Plaintiff was the

Vice President of Sales and Marketing at OSI/Payco.  Plaintiff had worked for OSI/Payco for nineteen years.

Following the initial discussion with Kasperski, Plaintiff spoke with Boyer, the Senior Vice President of the Healthcare Division at NCI, during an evening telephone conference.  Plaintiff alleges that, during this conversation, Boyer told him that Defendants were looking for an individual who was trusted in the healthcare accounts-receivable industry; had a great reputation in the healthcare accounts receivable industry; was professional and had stability in healthcare; had a successful sales track record selling both outsourcing and bad debt collection services; and had established contacts in the healthcare accounts receivable-industry.  Plaintiff also claims that Boyer expressed a desire for Plaintiff to become part of Defendants' "family."

Kasperski contacted Plaintiff the following day and requested that Plaintiff schedule a follow-up, in-person, interview at Defendants' headquarters in Atlanta, Georgia.  Plaintiff traveled to Atlanta in March 2000 where, according to Plaintiff, Boyer stated that she knew Defendants were recruiting Plaintiff away from his nineteen-year career with OSI/Payco.  Plaintiff also contends that Defendants represented to him that he would be "made whole" regarding his previous and current employee benefits plans though OSI/Payco, including dental expense reimbursement, and establishing a healthcare plan in Ohio for him.  Plaintiff also met with co-CEO Loren Kranz, who conveyed to Plaintiff that the current Healthcare division sales employees needed Plaintiff's guidance and attention.

Plaintiff asserts that, throughout the recruitment process, Defendants repeatedly stated, "I want you to finish your career here at NCI," "Please join our NCI family," and other similar remarks.  On April 7, 2000, relying on the statements made to him during the recruitment period, Plaintiff contacted Boyer and accepted the NCI position of Vice President, Sales and Marketing,

Healthcare Division. Plaintiff resigned his employment with OSI/Payco on April 10, 2000 and began his employment with Defendants on April 17, 2000.

On September 27, 2002, Plaintiff was terminated from his employment with Defendants. Plaintiff was told that he was being terminated as part of a company-wide "reorganization."

### B. Procedural History

On May 12, 2006, Plaintiff filed his complaint against Defendants in the Franklin County Court of Common Pleas. Defendants removed the case to federal court on June 19, 2006.

Plaintiff asserts that Defendants fraudulently induced him to forego a successful nineteen-year career and join their company as a part of the Defendants' hiring cycle to increase the sales in its Healthcare Division. Plaintiff contends that since 1997, every two to three years, Defendants hired sales personnel so that they would generate new sales and clients to a "critical mass," after which the newly hired sales personnel would be terminated, allegedly as a part of "reorganization." Plaintiff alleges that he and his sales staff were part of this "cycle" and that, by the beginning of January 2003, Defendants began hiring and contracting with new sales personnel to repeat the cycle. Plaintiff claims that Defendants' misrepresentations were false, fraudulent, made with actual malicious intent, and were otherwise reckless and wanton.

Plaintiff requests various forms of relief in his complaint. Specifically, Plaintiff requests: (a) compensatory damages, both economic and non-economic, in an amount in excess of $25,000; (b) punitive damages; (c) liquidated damages; (d) attorney's fees; and (e) pre-judgment and post-judgment interest.

On July 17, 2006, Defendants filed this Motion to Dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. On July 26, 2006, Plaintiff filed a Response Contra to

Defendants' Motion to Dismiss. Defendants replied to Plaintiff's Response on August 1, 2006. Accordingly, Defendants' Motion is now ripe for this Court's review.

### III. STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) Motion to Dismiss is to test the sufficiency of the complaint. *Davis H. Elliot Co., Inc. v. Caribbean Utils. Co.,* 513 F.2d 1176, 1182 (6th Cir. 1975). When considering such a motion, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all "factual allegations and permissible inferences therein." *Conley v. Gibson*, 355 U.S. 41,45-46 (1957). Legal conclusions framed as factual allegations, however, are accorded no such presumption. *Lewis v. ACB Bus. Serv., Inc.* 135 F.3d 389, 405 (6th Cir. 1998). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court's focus is on whether the plaintiff is entitled to offer evidence to support the claims, and not whether the plaintiff will ultimately prevail. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.*

A plaintiff need not included all of the particularities of the claims against the defendant in order to survive a 12(b)(6) motion. *Brooks v. Am. Broad. Co., Inc.,* 932 F.2d 495, 497 (6th Cir. 1991). Pursuant to the Federal Rules of Civil Procedure, the complaint need only set forth the basis of the court's jurisdiction, a short and plaint statement of the claim entitling the plaintiff to relief, and a demand for judgment. *See* FED. RULE. CIV. PRO. 8(a). A court will grant a motion for dismissal under 12(b)(6) only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is

an insurmountable bar relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Serv. v. Mental Health and Recovery Bd.*, 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).

### IV. LAW AND ANALYSIS

Defendants contend that Plaintiff is precluded from bringing the instant action because Plaintiff has previously filed suit against Defendant NCI in a case pending before another district court. Defendants assert that because Plaintiff has invoked the jurisdiction of another court regarding the same transaction, Plaintiff cannot bring this action pursuant to the first-to-file rule. Defendants, therefore, urge this Court to dismiss Plaintiff's complaint for failure to state a claim for which relief can be granted.

The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. *Zide Sports Shop of Ohio, Inc. v. Ed Tobergte Associates*, 16 Fed. Appx. 433, 437 (6th Cir. 2001). The rule provides that when actions involving identical parties and issues have been filed in two different district courts, the "court in which the first suit was filed should generally proceed to judgment." *Id.* (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)).

The first-to-file rule is generally invoked where two suits that involve "substantially the same parties and purpose" are filed concurrently in different jurisdictions. *Plating Resources, Inc v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999). The same party and same issue, however, is not an absolute requirement. *Id. See also Zide Sports Shop*, 16 Fed. Appx. at 437 (applying first-to-file rule to actions involving "nearly identical" parties and issues). There is no precise rule that, as between federal courts, one court should defer to the other, but "the general principle is to avoid duplicative litigation." *In re American Med. Systems, Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996) (quoting *Colorado Riverwater Conservation Dist. v. United States*, 424

U.S. 800, 817 (1976)).  In determining whether actions are duplicative, courts consider: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake.  *Fuller v. Ambercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005); *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903–04 (N.D. Ohio 1999).

The district court has the discretion to dispense with the first-to-file rule where equity so demands.  *Zide Sports Shop,* 16 Fed. Appx. at 437.  Factors that weigh against application of the rule include "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping."  *Id.*  The first-to-file rule is not a strict rule and may give way in the face of compelling circumstances or to significant policy considerations.  *See AmSouth Bank v. Dales*, 386 F.3d 763, 791 (6th Cir. 2004).

In this case, Defendants contend that Plaintiff is precluded from bringing this action under the first-to-file rule because Plaintiff has a pending suit, *Graessle v. NCI*, No. 2:03-CV-758 (S.D. Ohio Aug. 22, 2003) ("*Graessle I*"), before another federal court in the same district, and *Grassele I* was filed before the instant matter.  Plaintiff offers no argument in response to this basis for Defendants' motion.

Plaintiff's claims in *Graessle I* arise out of his employment with and discharge from Defendant NCI.  Specifically, Plaintiff alleges he was terminated because of his age, in violation of the Age Discrimination and Employment Act ("ADEA").  Plaintiff contends that Defendants' reorganization practices adversely affected him as a forty-plus year old employee of Defendants.  Plaintiff alleges he was discriminatorily deprived of equal employment opportunities because of his religion, in violation of Title VII.  Plaintiff also brings a cause of action against Defendant NCI for breach of contract and/or promissory estoppel.  Plaintiff alleges that Defendant NCI

promised him that he would only be discharged for cause, and by terminating him because of his age and/or religion, NCI breached its contract with Plaintiff. Additionally, Plaintiff brings claims of state statutory age discrimination, violation of Ohio public policy, and spoliation of evidence.

In this case, Plaintiff asserts one claim – fraudulent inducement. The facts of that claim, however, arise out of Plaintiff's employment and termination with Defendant NCI, similar to those facts that give rise to the issues already pending in *Graessle I*. Plaintiff had ample opportunity to add his claim of fraudulent inducement to *Graessle I*. After filing his initial complaint, Plaintiff amended his complaint three times, as recently as December 2005, almost two and a half years after his initial complaint. At no point did he amend his complaint to include a claim of fraudulent inducement or an additional party, Defendant Boyer.

*Graessle I* was filed in August 2003. Plaintiff brought this matter in May 2006. The parties to both actions are similar, with the only difference being the addition of Defendant Boyer in this case; Defendant NCI is a party to both actions. For the first-to-file rule to apply, the parties need not be identical, but only similar. *Plating Resources*, 47 F. Supp. 2d at 903. Moreover, the primary issue in each case is also substantially similar. Plaintiff's complaints in both suits arise out of his employment with and discharge from NCI. All matters relating to Plaintiff's employment and discharge should be determined in one court in order to avoid duplicative litigation. The proper court in this case is the court in which *Graessle I* is currently pending, as that was the court where Plaintiff first filed his action.

Again, Plaintiff does not offer, nor does there appear to be any evidence that an exception to the first-to-file rule should be applied.

Because this case involves substantially the same parties and issues already pending in *Graessle I*, this Court **GRANTS** Defendants' Motion to Dismiss pursuant to the first-to-file rule. If Plaintiff seeks to bring this claim against Defendants, he must seek leave of the Court in *Graessle I*.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.  Plaintiff's claim against Defendants NCI and Boyer are dismissed.

**IT IS SO ORDERED.**

                                                     s/Algenon L. Marbley
                                                   **ALEGENON L. MARBLEY**
                                                   **UNITED STATES DISTRICT JUDGE**

**DATED: March 21, 2007**